THE TRUSTEES OF SCHOOLS *et al.* Appellants, *vs.* NORMAN C. HOYT, Appellee.

*Opinion filed June 18, 1925—Rehearing denied October 8, 1925.*

1. APPEALS AND ERRORS—*a decree entered in accordance with mandate of Supreme Court must be affirmed.* Where a cause is remanded by the Supreme Court with directions as to what decree shall be entered the trial court cannot do otherwise than enter a decree in accordance with the mandate, and the only question on a second appeal in the same case is whether the lower court has followed the directions of the Supreme Court, and if it has its decree must be affirmed.

2. JUDGMENTS AND DECREES—*amendments after judgment are authorized only as to form.* By section 2 of the Statute of Amendments and Jeofails, amendments after judgment are authorized only in the matter of form, and defects in substance cannot be corrected by amendment of pleadings after the Supreme Court has reversed and remanded a cause with specific directions as to what decree shall be entered.

3. SAME—*Supreme Court may enter final judgment or direct lower court to do so.* Under section 110 of the Practice act the Supreme Court may enter final judgment in any case, either at law or in equity, or it may remand the cause to the lower court with directions to enter a judgment or decree.

APPEAL from the County Court of Champaign county: the Hon. ROY C. FREEMAN, Judge, presiding.

WILLIAMSON & WINKELMANN, JONES, McINTIRE & JONES, and HALL & HOLADAY, (O. M. JONES, and A. R. HALL, of counsel,) for appellants.

GREEN & PALMER, (HENRY I. GREEN, ORIS BARTH, and CHARLES G. HOWARD, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

This cause was before the court at the December term, 1923. The proceeding was a petition to condemn land for a school house site. The owner of the land objected to the condemnation because of the lack of the statutory conditions authorizing the exercise of the power of eminent domain, but his motion was denied and after a trial a judgment of condemnation was rendered, from which he appealed. While other objections were raised on the record, the judgment of reversal was based solely on the lack of power of the board of education to call the election to vote on the proposition to locate and purchase a school house site, and the judgment of the county court was reversed and the cause was remanded, with directions to dismiss the petition. On the re-instatement of the cause in the county court the petitioners made a motion for leave to amend the petition and for another hearing, with leave to introduce further evidence. The defendant made a cross-motion for a judgment dismissing the petition. The court overruled the motion of the petitioners and entered a judgment for the defendant, dismissing the petition.

It has been held in numerous cases in this court that where a judgment is reversed and the cause is remanded, with specific directions as to the action to be taken by the trial court, it is the duty of that court to follow those directions and that it cannot err in doing so. (*Boggs* v. *Willard,* 70 Ill. 315; *Windett* v. *Ruggles,* 151 id. 184; *Roby* v. *Calumet and Chicago Canal and Dock Co.* 154 id. 190.) Where a cause is remanded by the Supreme Court the trial court cannot err if it follows the opinion of the Supreme Court in the further proceedings of the case and no attention will be given to arguments that it erred in so doing. (*Manter-*

*nach* v. *Studt,* 240 Ill. 464.) "A decree entered in accordance with the directions of this court cannot be erroneous. This court may err in its directions to an inferior court, but however erroneous the directions given may be, it is the duty of the inferior court to strictly follow the directions contained in the mandate of this court. (*Blackaby* v. *Blackaby,* 189 Ill. 342; *Noble* v. *Tipton,* 222 id. 639.) The only question, therefore, that is open for consideration on the record as presented at this time is, Was the decree of the circuit court in accordance with the mandate and directions of this court?" (*Chicago Railway Equipment Co.* v. *National Hollow Brake Beam Co.* 239 id. 111.) Where the only question on a second appeal in the same 'case is whether the lower court has followed the directions of the Supreme Court, if the lower court has substantially followed such directions the judgment must be affirmed. (*People* v. *Day,* 279 Ill. 148.) There are many other decisions which hold that where a judgment has been reversed and the cause remanded with specific directions, the only question on a second appeal is whether the action of the trial court was in accordance with the mandate and directions of this court.

The appellants argue that the statute gives the right to amend pleadings at any time, even after judgment, and insist that amendments may be made in the trial court if the judgment has been reversed and the cause remanded with directions to enter a particular judgment. The Statute of Amendments and Jeofails does by section 1 authorize amendments before judgment and by section 2 after judgment, but amendments made after judgment rendered are authorized in matter of form, only, in affirmance of the judgment, so that such judgment shall not be reversed or annulled. Defects of substance are not aided by the Statute of Amendments and Jeofails. (*Foster* v. *Oberreich,* 230 Ill. 525; *Schueler* v. *Mueller,* 193 id. 402; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100.) "When a judgment is affirmed by this court all questions raised by

the assignments of error, and all questions that might have been so raised, are to be regarded as finally adjudicated against the appellant or plaintiff in error.  A judgment or decree having been affirmed by this court must be regarded as free from all error.—*Gould* v. *Sternberg,* 128 Ill. 510." *(People* v. *Superior Court,* 234 Ill. 186.)  A judgment or decree entered by a trial court in accordance with the mandate and direction of this court must be regarded as equally free from all error.  Such a judgment is final and conclusive upon all the parties the same as if it had been entered in this court, and it is, in fact, the judgment of this court promulgated through the trial court.  *(People* v. *Gilmer,* 5 Gilm. 242.)  This court may in any case, either at law or in equity, render final judgment, as provided by section 110 of the Practice act, or in case of a reversal may remand the cause to the inferior court.  The court, on reversing the judgment or decree and remanding the cause, may direct the inferior court to enter a particular judgment or decree or give directions which will have that effect, and the trial court is then bound by the decision and mandate of this court.  The judgment of this court is final and conclusive on the parties, and it is the duty of the trial court to conform its action to the opinion and mandate of this court. *Prentice* v. *Crane,* 240 Ill. 250.

In this case the judgment was on the merits, finding that the statutory conditions authorizing the exercise of the power of eminent domain did not exist, and that therefore the petitioners could not maintain the proceeding and the court should have sustained the objection to the petition, and the cause was remanded, with directions to dismiss the petition.  The judgment of the county court, merely carrying into execution the judgment of this court, was the only judgment which it had any authority to enter, and it will be affirmed.                    *Judgment affirmed.*