Edith L. Belding, Individually and as Administratrix of the Estate of Wilbert D. Belding, Deceased, Appellee, v. Edgar E. Belding and Harlow H. Belding, Appellants.

Gen. No. 8,674.

Opinion filed September 20, 1933.   Rehearing denied November 9, 1933.

THOMA, LINDEN & HUTCHINSON, for appellants; GEO. W. THOMA, of counsel.

SYLVESTER E. QUINDRY and WALTER E. Moss, for appellee; B. BLAKENEY HARRIS, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellee brought this suit by virtue of the Uniform Partnership Act (Cahill's Ill. St. ch. 106a) for an accounting and settlement division of partnership property. She instituted said proceedings individually, and as administratrix of the estate of her deceased husband, Wilbert D. Belding. The facts disclose that on or about February 25, 1918, a partnership agreement was made and entered into in writing between Edgar E. Belding, the father, and his two sons, Wilbert D. Belding and Harlow H. Belding. Edgar E. Belding and Harlow H. Belding are appellants herein. The copartnership agreement provided, among other things, that the firm name would be, "Edgar E. Belding & Sons"; and that the interests of the respective parties in the profits to be realized from the partnership busi-

ness were to be 60 per cent to the father, Edgar E. Belding, 20 per cent to Wilbert D. Belding and 20 per cent to Harlow H. Belding; the agreement further provided that the father, Edgar E. Belding, should be the head of the firm. The firm was organized for the purpose of engaging in a general contracting business, consisting of moving, remodeling, and construction of houses.

The copartnership continued to operate under this agreement until the death of Wilbert D. Belding on September 19, 1928. The partnership enjoyed a successful financial experience, and, prior to the death of the aforesaid member, had accumulated and acquired considerable property in the nature of real estate holdings and equipment.

The appellee brought her bill to the October Term, 1931, of the circuit court of Du Page county, against Edgar E. Belding and Harlow H. Belding, individually and as surviving partners of the aforesaid copartnership. The bill made certain other parties defendants, as tenants or otherwise, none of whom are parties to this appeal. The bill sets out that the surviving partners had continued in the possession of the property and effects of the partnership and had continued to carry on the partnership business, under the partnership name, from the date of the death of Wilbert D. Belding, on September 19, 1928, up to the time of the filing of this bill. The bill further charges that the appellants had failed and refused to account to appellee for the share of the said Wilbert D. Belding in the property, effects and assets of the partnership, although demand therefor had been made from time to time. The bill sets out various tracts of real estate that had come into the ownership of the partnership, following its organization, together with other assets and effects, all of which had accrued to the partnership since its organization and from the earnings and

profits thereof. The bill prays for an accounting by the appellants in respect to the property, effects, and assets of the copartnership business of the firm of Edgar E. Belding & Sons, and that the rights and interests of the parties may be ascertained; and that a division, partition, and distribution settlement be had according to the rights of the parties; and claiming that the share of Wilbert D. Belding in the copartnership property at the time of his death was an equal one-third with the appellants herein; alleging that the original articles of partnership had been changed or modified to provide that each of the partners was to have an equal one-third interest and share in all of the partnership property, real, personal, or otherwise. Appellants in their answer, among other things, deny that the copartnership agreement had ever been modified, so that the partners should share equally in the profits and in the property of the firm that had been acquired from the earnings thereof; and deny that Wilbert D. Belding, at the time of his death, was entitled to a one-third share in such partnership property, but allege that the original articles of partnership remained the same in that respect and that the share of the deceased partner was 20 per cent and no more. Appellants also deny certain valuations upon real estate that the bill alleges, and rental incomes from partnership properties, as the same were set up in the bill of complaint. We do not deem it expedient to go into further detail regarding these matters, because the matter was referred to a master for an accounting and determination of all such estimated values of real and personal property and of rents and profits.

As above stated, the cause was referred to a master for an accounting and report. The master in his report fixed the values of the various properties, effects and assets of the partnership as of the time of the

death of the deceased partner. The master further found that subsequent to the death of the partner, Wilbert D. Belding, on September 19, 1928, and prior to the hearing by the master, 18 separate construction contracts had been completed by the partnership firm of Edgar E. Belding & Sons, and that the total net profits realized on the 18 contracts was the sum of $4,915.52; and further found that an equal one-third of said sum was due and owing to the appellee herein. The master further found by his report, ''that said original co-partnership articles had become and were modified at the time of the death of the said Wilbert D. Belding, either by oral agreement or by mutual consent, so that each partner was entitled to receive one-third of the net profits of the business of said co-partnership.'' After the master arrived at the total valuation of all the property of the partnership, including the profits that accrued between the time of death of the deceased partner and the accounting, he found that a full one-third thereof was due to appellee and allowed interest thereon at five per cent per annum, from September 19, 1928 (death of said deceased partner) to October 4, 1932, the date of his report. To the master's report, the appellee herein filed 19 exceptions, all of which were overruled by both the master and the trial court. The appellants filed eight exceptions to the master's report, which were overruled by the master. The court, however, sustained appellants' exceptions 1 and 2, in part, to the report of the master, and overruled appellants' exceptions 3 to 8 inclusive. Appellants' exceptions 1 and 2 were not directed toward the modification of the articles of copartnership, the granting of the right to appellee to participate in the earnings of the partnership after her husband's death, or her right to receive five per cent interest upon the value of his share in the partnership property. Appellants' exception No. 3 to the master's

report was directed toward the alleged modification of the original articles of copartnership; their exception No. 4 was based upon the right granted to appellee to receive a full one-third of the partnership profits in 18 construction contracts that were completed between the time of her husband's death and the report of the master; their exception No. 6 was directed toward the allowance to the appellee of five per cent interest upon the one-third value of the entire property and assets of the copartnership, from the death of the deceased partner to the date of report of the master; their exception No. 8 is general and is directed toward the finding by the master that all the material allegations in the complainant's bill had been proven, and recommending entry of decree accordingly.

The other contentions of the parties and exceptions to the master's report are directed toward the valuation of partnership property as fixed and determined at the hearing. The exceptions and the evidence have been gone into carefully, but their number and the extent of the evidence do not permit a discussion of them in this opinion. We find no error in the court's ruling upon the exceptions filed to the master's report by Edith L. Belding, appellee herein.

Appellee in this suit, by virtue of section 42 of the Uniform Partnership Act, Cahill's St. ch. 106a, ¶ 42, seeks to have the value of her deceased husband's interest in the partnership business fixed and determined as of the date of his death, and to receive from the surviving members of the partnership and from the partnership, as an ordinary creditor, an amount equal to the value of her deceased husband's interest therein as so determined, with interest thereon from the date of his death; and in addition thereto, to receive a full share of the earnings and profits that accrued to the partnership after the death of her husband and prior to this hearing. As we construe section 42

of said Act, when the surviving partner or partners continue to carry on the partnership business after the death of one of the partners, without liquidation of the partnership affairs and without the consent of the deceased partner's legal representatives, then such legal representatives of the deceased partner's estate may have the value of such deceased partner's share ascertained as of the date of such partner's death, and shall receive as an ordinary creditor an amount equal to the value of such deceased partner's share in the dissolved partnership, with interest; or, at the option of such legal representatives, may receive in lieu of interest the profits that have accrued to the partnership firm between the time of death of the deceased partner and the time of the partnership settlement. It appears from the evidence that the surviving partners, the appellants herein, did continue to carry on the business of the copartnership after the death of Wilbert D. Belding, without any liquidation of partnership affairs, from the time of his death to the bringing of this bill in October, 1931. Under such circumstances, we are of the opinion that the appellee, as executrix of the estate of the deceased partner, had the right to bring this bill; and that under the facts and circumstances in this case, after the value of the deceased partner's share in said partnership had been ascertained, to receive thereon either interest from the time of his death to the time of the partnership settlement, or in lieu of interest to participate in the profits and net earnings of the partnership from the date of death of the deceased partner to the time of the partnership settlement with said estate; but the appellee is not entitled to receive both interest and a share in the partnership earnings, as is granted her in the decree of the trial court herein. Consequently it was error for the decree to grant to appellee the right to receive from appellants interest at five per cent upon the value of

her deceased husband's share in the partnership, and also to permit her to participate in the partnership profits during the time between his death and the hearing herein.

The trial court by its decree approved and confirmed the master's report concerning the modification of the original articles of copartnership, and decreed that the written articles of copartnership, either by oral agreement or mutual consent, had become and were modified at the time of the death of Wilbert D. Belding, so that each partner was entitled to receive one-third of the net profits of the business of the copartnership.

The court by its decree found that the total assets of the partnership were $74,074.24, which amount of assets included the sum of $4,915.52, representing the profits on 18 construction contracts, which were executed after the death of appellee's husband. The court then finds that the total liabilities of the firm were $20,929.79, which left a net worth of $53,144.45; and the court decrees that the appellee as executrix of the estate of the deceased partner, Wilbert D. Belding, is entitled to an equal one-third share in the total net worth of the partnership property and assets, which one-third share is fixed at $17,714.81. The court further found that the one-third share decreed appellee was subject to total deductions of $7,127.11, for advancements by the partnership to the deceased and to the appellee following his death and prior to the bringing of this suit. The court then decreed that there was due appellee a net balance of $10,587.77, with interest thereon at five per cent per annum, from September 19, 1928 (death of said partner) to October 4, 1932 (date of master's report) which interest item was fixed at $2,139.59, this making a total of principal and interest due appellee under the decree of $12,729.29.

The evidence does not disclose when or how the original articles of copartnership were modified and

the decree does not so find. Appellee urges that since the articles of copartnership provided that the partners would each receive wages at the rate of 65¢ per hour, and since at the time of the death of Wilbert D. Belding, the partners were paying themselves wages of $1.25 per hour, that this was proof that the articles of agreement had been changed. The amount of wages that the partners received for their labor had no connection with their interest in the copartnership profits. The contract as made between them in 1918, provided that they should each receive 65¢ an hour and it further set out the respective rights of the parties to the profits to be realized from the operation of the business. It is manifest therefore, that the wages had nothing to do with the respective interests of the partners in the firm profits. The mere fact that they had increased their hourly wage to $1.25 per hour in 1928, had no more bearing upon the provision regarding the interest of the partners to share in the firm profits, than the 65¢ wage scale had in 1918. The articles of copartnership provided that the losses and liabilities would be shared by each member of the firm in the same proportion as the net profits were shared, which made the father liable for 60 per cent of the losses and liabilities, and each of the sons liable for 20 per cent.

The fact that the wage scale for each of the three partners was equal in the original articles of copartnership, as made in 1918, in no way affected or controlled their right to share in the firm profits. Therefore, the fact that the wage scale had been increased to $1.25 an hour, for each of the partners in 1928, has no more bearing on their respective rights to share in the firm profits than the wage scale as originally fixed at the time of the written agreement. Written agreements are solemn and binding instruments and should not lightly be changed or disturbed by parol evidence. Only under the most positive, convincing and definite

proof should such changes be permitted. We do not find anything in the evidence and circumstances in this case sufficient to overcome the written agreement of copartnership, which stood in its original form at the time of the death of Wilbert D. Belding, or which permits the court to hold that the original agreement had been changed or modified so that the deceased partner owned a one-third share of the firm property at the time of his death. The court erred in decreeing that the deceased partner was entitled to a one-third share of the property at the time of his death, and that the appellee should receive a full one-third share of the partnership property and assets because of the rights of her deceased husband thereto.

Appellants make 21 assignments of errors and the appellee 19 assignments of cross errors, all of which have been considered in the determination of this suit. The record in this case has been carefully considered, but due to its extent, it is impossible to discuss the many items of controversy between the parties, in this opinion. To do so would extend it beyond reasonable length. The trial court erred in two respects: first, in holding that the appellee was entitled to receive interest upon the value of her deceased husband's share of the partnership property from September 19, 1928 (the date of his death) to October 4, 1932 (date of master's report) in the sum of $2,139.59, after having already permitted appellee to share in the firm profits that had accrued on 18 separate contracts, completed after the death of her husband, and prior to the hearing before the master. It was error to decree any interest money to appellee after permitting her to participate in the firm profits, which accrued subsequently to her husband's death. Second, in decreeing that the partnership agreement had been modified either by oral agreement or mutual consent at some time prior to the death of Wilbert D. Belding, so that

he was entitled to an equal one-third of the net profits and property of the copartnership.

We do not believe that any good purpose would be served by a general reversal and remanding of this case. The record is large. A general rehearing would be costly to the parties involved. The costs of the hearing before the master in this case amounted to $773.75, which were taxed against the appellants together with all other costs of the case. This partnership firm had many transactions between its inception in 1918 and the hearing before the master in 1932. There is no reason to believe that the values which would be fixed for the various tracts of real estate and of the equipment and effects of the firm would be any more equitable or agreeable to the parties upon another hearing than those values as fixed and determined by the master in this case. There were many transactions to be gone into by the master in dealing with the business of this firm and in making this accounting, and in ascertaining the values of the various properties of the partnership. There is no reason to believe from the evidence herein that the values of those items as fixed by the master are not fair and equitable to all parties concerned.

We have stated our conclusions herein to the effect that the evidence does not demonstrate that any change had been made in the original articles of copartnership with respect to the percentage of profits each partner was to receive; and further, that since the profits of the partnership accruing between the death of the deceased partner and the hearing of this case had been included in arriving at the total assets of the firm and the appellee permitted to share therein, no interest money was due appellee under the statute.

The decree is affirmed as to all matters except the two above named, and with respect to these matters, the decree is reversed, and remanded with specific di-

rections to modify said decree to provide that Wilbert D. Belding at the time of his death, was entitled to and owned 20 per cent of the partnership property and assets, and that instead of his share being fixed at one-third or $17,714.81, that it be fixed at the value of 20 per cent of the total net worth arrived at, or the sum of $10,628.89; and that from the last named sum the deduction of $7,127.11 be taken, as this amount has already been advanced to appellee or her deceased husband; and that appellee be entitled to receive the sum of $3,501.78, without interest.

For the foregoing reasons, the decree is affirmed in part, reversed in part, and remanded with directions to modify same to conform to the views herein expressed.

One-half of the appellants' costs of this appeal will be taxed to and paid by the appellee, and the clerk of this court is ordered to tax same accordingly.

*Affirmed in part, reversed in part, and remanded with directions.*