Edith L. Belding, Individually and as Administratrix of the Estate of Wilbert D. Belding, Deceased, Appellee, v. Harlow H. Belding et al., Appellants.

Gen. No. 8,954.

352

Opinion filed August 14, 1935.

THOMA, LINDEN & HUTCHINSON, of Wheaton, for appellants; ROY S. GASKILL, of Chicago, of counsel.

NELSON, MILLER & BOODELL and WALTER E. Moss, all of Chicago, for appellee; B. BLAKENEY HARRIS, of Chicago, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This cause comes to this court by appeal from a decree of the circuit court of DuPage county, entered in compliance with an opinion of the Supreme Court of this State, reversing and remanding the cause to the trial court with directions to enter a decree in accordance with the views expressed in such opinion. *Belding v. Belding*, 358 Ill. 216.

It is not contended by appellants that the decree entered by the trial court is not in conformity with the mandate of the Supreme Court. This was an action originally commenced by Edith L. Belding, individually, and as administratrix of the estate of her deceased husband, Wilbert D. Belding, for an accounting, settlement, and division of partnership property, under the Uniform Partnership Act, Cahill's St. 1933, ch. 106a. Two questions were involved in the cause affecting appellee's rights to participate in the part-

nership assets. The Supreme Court in the above case found that the original articles of copartnership as entered into between the father ·and his two sons, wherein the father was the owner of a 60 per cent interest, and each of the two sons the owner of a 20 per cent interest, had been modified by a subsequent parol agreement between the father and the sons, whereby they became equal owners in the partnership property.

Eighteen contracts had been completed by the partnership subsequent to the death of appellee's husband. The court in the above opinion found that the sum of $4,915.52 had accrued to the partnership as net profits upon the said 18 contracts, and that at the time of the death of appellee's husband, the sum of $3,097.03 had been earned. The court therein by computation appearing upon page 221 of its opinion found the total net partnership assets at the time of the death of appellee's husband, to have been the sum of $51,325.96; that the interest of appellee as administratrix therein was an equal one-third thereof; that such one-third share was subject to a deduction of $7,127.11, which sum had already been paid by way of advancement; and that upon the balance due upon such share, appellee was entitled to receive interest at five per cent from the date of the death of her said husband.

Where a judgment is reversed and the cause remanded with directions as to the decree or judgment to be entered by the trial court, it is the duty of that court to follow such instructions, and it cannot err in doing so. *Trustees of Schools v. Hoyt,* 318 Ill. 60. Upon appeal from the decree of a lower court so entered, the only question presented by such appeal is whether the decree entered is in accordance with the mandate and directions of the court of review. *Trustees of Schools v. Hoyt, supra; Smith v. Dugger,* 318 Ill. 215; *Wolkau v. Wolkau,* 217 Ill. App. 471; *Dunlap v. Peirce,* 260 Ill. App. 149, 154; *Chicago Ry. Equip-*

*ment Co. v. National Hollow Brake Beam Co.*, 239 Ill. 111, 115.

We have examined the decree as entered by the trial court, from which appellants prosecute this appeal, and we find that such decree follows strictly the directions and views expressed by the Supreme Court in its opinion.

The judgment of the circuit court of DuPage county is therefore affirmed.

*Judgment affirmed.*