Seither and Cherry Company, Appellee, v. Board of
Education of District No. 15, Town of La Harpe,
Illinois, Appellant.

Gen. No. 8,957.

Opinion filed January 17, 1936.

Edward S. Martin, of Carthage, for appellant.

John W. Williams, of Carthage, for appellee.

Mr. Presiding Justice Davis delivered the opinion of the court.

Appellee commenced a suit in assumpsit in the circuit court of Hancock county on June 2, 1933, against the city of La Harpe and the board of education of District Number Fifteen (15), in the town of La Harpe, in Hancock county. A summons was issued and duly

served upon said defendants on the 20th day of June, A. D. 1933. The declaration filed by plaintiff consisted of the common counts.

Afterwards said suit was dismissed as to the defendant, City of La Harpe. An affidavit of claim was filed by plaintiff in which it was stated that there was due plaintiff after allowing all just credits, deductions and set-offs the sum of $4,724.94 for plumbing, heating and ventilation for the new school at La Harpe, Illinois.

So far as it appears from the record the defendant, board of education of District Number Fifteen (15) in the Town of La Harpe, filed no plea and did not enter its appearance in said cause, although from affidavits filed it appears that Homer H. Williams, an attorney, represented it.

On October 16, 1934, the court entered judgment as follows:

"And proof being now here made to the court that due personal service has been had on the defendant, Board of Education of District No. 15, as required by law, and said defendant not appearing in court, nor anyone appearing for said defendant, said defendant, Board of Education of District No. 15, is now here three times solemnly called in open court, but still comes not, nor comes anyone for said defendant, wherein said defendant makes default, which is, on motion of plaintiff's attorney, ordered to be taken and the same is hereby entered herein of record. Whereby the plaintiff's order to have and recover of and from the said defendant, Board of Education of District No. 15, its damages sustained herein by reason of the premises.

"Thereupon reference is had to the court to assess the plaintiff's damages herein against the defendant, Board of Education of District No. 15, and the court now here, after hearing all the evidence adduced and being fully advised in the premises, finds the issues

for the plaintiff and assesses the plaintiff's damages to the sum of Four thousand seven hundred twenty-four dollars and ninety-four cents ($4724.94).

"Therefore it is considered by the court that the plaintiff, Seither & Cherry Co., a corporation, do have and recover of and from the defendant, Board of Education of District No. 15, its damages of Four thousand seven hundred twenty-four and ninety-four hundredths dollars ($4724.94), in form as aforesaid, by the court assessed, together with its costs and charges in this behalf expended."

On March 7, 1935, the defendant moved the court to redocket said cause and for leave to file a motion and affidavit in support thereof for the purpose of setting aside the judgment rendered by default against it and to fix a time for the filing of said motion, and thereupon the court granted leave to defendant to file a motion and affidavit in support thereof, as prayed for, on or before the 12th day of March, 1935.

On March 12, 1935, said defendant filed its motion and moved the court that the order of default heretofore entered against it in said cause and the judgment rendered by the court against it be set aside, and declared to be void and of no force and effect; and further that, if said judgment is not set aside, the same be opened up and the defendant be permitted to defend against said action and to plead to the declaration.

In support of said motion it filed the affidavit of Ralph J. Widney, president of the board of education of School District Number 15, Hancock county, in which it is stated that Homer H. Williams, an attorney, originally represented defendant and that said Williams claims to have withdrawn his appearance for the board, but that said withdrawal does not appear of record.

That he believes that defendant has a meritorious defense to said cause of action; that the records of the defendant show that the property claimed to have been

sold by the plaintiff to the defendant, and the purchase by the defendant from the plaintiff was purchased on or about the 29th of May, 1928, the total amount of said contract being for $15,208; that the value of the taxable property of said school district, as ascertained by the last assessment for State and county taxes previous to the incurring of such indebtedness, was $835,489; that at the time of the purchase of said property said school district was indebted to an amount exceeding five per cent of the value of the taxable property of said school district. Said indebtedness consisting of bonds of said school district, tax anticipation warrants and current bills, and that he believes that because of said indebtedness of said school district that at the time of entering into said contract that any contract that they entered into was then and is void and of no force and effect.

John W. Williams, attorney for plaintiff, made an affidavit in which he stated that suit was commenced on June 2, 1933, to the October term, 1933, of the circuit court of Hancock county, and that the declaration was filed on October 2, 1933; that defendant was personally served with process on June 20, 1933, and that shortly thereafter Homer H. Williams, an attorney, purported to represent defendant; that on or about October 16, 1934, he went to said Homer H. Williams, who appeared as attorney of record for defendant, and asked him if he desired to plead in behalf of defendant in said cause and that said Williams then informed him that said defendant did not intend to plead and that no plea would be filed or defense made, whereupon he, as attorney for plaintiff, asked and obtained a judgment by default against defendant on October 16, 1934.

On June 12, 1935, the court after having heard said motion and after being fully advised in the premises overruled the same. Defendant thereupon, on September 5, 1935, filed its notice of appeal in which it prays

that the order and judgment or decision of the circuit court entered on June 12, 1935, be reversed and set aside and for nought held, and that said judgment be opened up or vacated and said judgment declared null and of no force and effect, or that defendant be permitted to plead to the declaration filed in this cause and make defense.

By its motion appellant moved the court to set aside the default entered against it in said cause and the judgment rendered by the court against it and to declare said judgment to be void and of no force and effect, and further that if said judgment is not set aside, that the same be opened up and that it be permitted to defend against said action and to plead to the declaration.

From the language used it might be concluded that appellant combined a motion to set aside the default and open up the judgment and for leave to plead, with a motion under section 72 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 200, in the nature of a writ of error *coram nobis*. This, however, could not be the effect of the motion, as a motion to set aside a default and grant leave to plead must be made in the original suit, while a motion to correct errors in fact committed in the proceedings of any court of record provided for by said section 72, being in the nature of a writ of error *coram nobis,* is the commencement of a new suit at law to recall or reverse the judgment, and the motion is plaintiff's declaration and new issues are made up and that suit is independent of the proceeding in which the judgment sought to be set aside was rendered and an entirely different suit at law and the judgment rendered is a final appealable judgment. *Harris v. Chicago House Wrecking Co.,* 314 Ill. 500; *Domitski v. American Linseed Co.,* 221 Ill. 161.

Appellant insists that the court erred in not declaring the judgment void, or in not opening up the judg-

ment and permitting it to plead. It also insists that the Civil Practice Act in force January 1, 1934, has no application to its motion.

This suit was commenced on June 2, 1933, and summons was served upon appellant on June 20, 1933, but judgment was not rendered until October 16, 1934. Rule 1 of the Rules of Practice, adopted by the Supreme Court, not only provides that, ''All provisions of the Civil Practice Act with respect to review in civil proceedings by the Supreme or Appellate Courts shall apply to orders, determinations, decisions, judgments or decrees entered by trial courts after January 1, 1934,'' but it also further provides that, ''The provisions of the Civil Practice Act with respect to service of process issued on or after January 1, 1934 (sections 6, 10, 13, 19), appearance (section 20), and trial practice (sections 48–73), shall apply to proceedings instituted prior to January 1, 1934, and not on trial prior to that day.''

It will be seen that sec. 50 (6), (7), of the Civil Practice Act, par. 178 (6), (7), ch. 110, Ill. State Bar Stats. 1935, which apply to this case by reason of the provisions of said Rule 1, provide that: ''(6). Judgment by default or a decree *pro confesso* may be entered for want of an appearance, or for failure to plead, but the court may in either case, require the plaintiff to prove the allegations of his complaint.'' (7) ''The court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof, set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable.''

The judgment in this case which appellant sought to have declared null and of no effect, or to have opened up with leave to plead, under the provisions of Rule 1, is subject to the provisions of the Civil Practice

Act. It is also subject to the provisions of, "An Act in relation to final judgments, decrees and orders of courts of record in criminal and civil proceedings and the power to modify, vacate or set aside the same," approved June 21, 1933, and in force January 1, 1934, L. 1933, p. 678, pars. 268–270, ch. 110, Ill. State Bar Stats. 1935.

Prior to January 1, 1934, the date upon which the Civil Practice Act became effective, a court retained jurisdiction of the parties and subject matter of the suit until the end of the term of court at which the judgment was entered. After the termination of the term the court lost jurisdiction and a motion to vacate a judgment and set aside a default could not be granted. *Baldwin v. McClelland,* 152 Ill. 42.

Since terms of court are no longer the basis for fixing the time for doing any act or the taking of any procedural step, the court is governed by the provisions of said act of the general assembly in relation to final judgments approved June 21, 1933, in force January 1, 1934, *supra,* which provides among other things that every judgment, final in its nature, of any court of record in any civil or criminal proceeding shall have the same force and effect as a conclusive adjudication upon the expiration of 30 days from the date of its rendition as, under the law heretofore in force, it has had upon the expiration of the term of court at which it was rendered.

The judgment that appellant seeks to open up was entered on October 16, 1934, and no steps were taken to have the same opened up until March 7, 1935, when a motion was made to redocket said cause and for leave to file a motion to open up the same, which motion was filed on March 12, 1935, more than 30 days after the rendition of said judgment, and the court having had jurisdiction to enter the judgment and no showing hav-

ing been made that the judgment was obtained through fraud committed by any of the parties to the suit, we assume that appellant does not contend that its motion is one entered in the original suit to set aside the default and open up the judgment and for leave to plead, as no relief prayed for could be granted under said motion. *People v. Drysch,* 311 Ill. 342.

"Appellant says that it appeals this case on simply one proposition and that only, that the affidavit to set aside the judgment taken against appellant by the appellee is the only basis upon which the judgment (overruling the motion) was rendered. That the affidavit shows that appellant was at the time of the making of the contract upon which the judgment was secured indebted in excess of the constitutional limitation.

"That if appellant had raised that question prior to the time the judgment was taken, that would have been a good defense; that whether or not the members of the Board of Education were negligent or not, that under the law the school district, which is really the defendant, cannot be charged with negligence by the act of their officers; they cannot be estopped to raise the questions raised in the motion to set aside the judgment filed herein, and that any contract of any kind whatsoever made by a municipal corporation which is in violation of the constitution of the State of Illinois, is void and being void no court can render a judgment by virtue of it and that it makes no difference when, where or how the question is raised, if that is a fact.

"That the question is, whether or not under the constitution, considering the affidavit of claim, considering the affidavit to set aside the judgment, considering all the facts to be true as set up in both affidavits, the judgment is void or voidable."

It must be borne in mind that this is not a proceeding brought by a taxpayer of the school district, or the

intervention of a taxpayer alleging negligence and fraud on the part of the members of the board of education and seeking to have the judgment vacated. It is a proceeding brought by the board of education and their standing is no different than that of any other defendant seeking like relief under like circumstances.

Appellant does not contend that the relief prayed for in its motion to set aside the order of default entered against it, and the judgment rendered by the court and declare the same to be void and of no force and effect, can be granted under the provisions of section 72 of the Civil Practice Act, par. 200, ch. 110, Ill. State Bar Stats. 1935, which provides a method for the correction of all errors of fact committed in the proceedings of any court of record, and which by the common law could have been corrected by the writ of error *coram nobis,* but if the relief prayed for can be granted it must be under the provisions of said section 72, as this proceeding is the only one applicable or available to appellant as more than 30 days had elapsed after the rendition of the judgment and before the filing of the motion.

This section 72 is section 89 of the Practice Act of 1907, without change, and therefore the same construction should be given said section 72 as was given said section 89. In addition to the fact that no change was made in the wording of said section 72, the general assembly by section 3 of said act in relation to final judgments approved June 21, 1933, in force January 1, 1934, *supra,* provided:

"Sec. 3. Any such judgment, decree or order may hereafter be modified, set aside or vacated after the expiration of thirty days in the same cases, to the same extent and by the same modes of proceeding as, under the law heretofore in force, it might have been modi-

fied, set aside or vacated after the expiration of the term of court at which it was rendered.''

Our Supreme Court has said:

The errors which may be corrected by the court upon a motion of this kind are such errors of fact as could have been corrected by a writ of error *coram nobis* at common law. The errors of fact which can now be made the basis of a motion are not errors upon such questions of fact as arise upon the pleadings in the original case, or questions of fact averred in the pleadings upon which issue might have been taken, or such questions of fact as constituted the basis of the cause of action or defense upon the merits of the case or might have been pleaded as a defense to the merits. They are questions of the character mentioned in the cases or by the textwriters where the writ has been discussed as a means of correcting errors in the same court, and referred to the disability of parties, the incapacity of the plaintiffs to sue or the disability of the defendants to defend, such as infancy, coverture, death of one or more of the parties, death of a joint party, insanity. Any of these facts, if known to the court, would prevent the entry of a judgment, and it is error arising out of lack of knowledge by the court of such facts that the writ of error *coram nobis,* or the motion which is its substitute, applies, and not to lack of knowledge on the part of the court of facts constituting a cause of action or a defense to it. In many States the difference in forms of action and methods of procedure in law and equity has been abolished, and the decisions of such States with reference to the relief which may be obtained on motion and the method of procedure throw no light on the practice at common law. No cases have been cited to us which carry the right to relief upon a writ of error *coram nobis* at common law beyond the cases specified by Tidd and the other writers which have been cited. *Marabia v.*

*Thompson Hospital,* 309 Ill. 147; *Village of Downers Grove v. Glos,* 316 Ill. 563.

Only such errors of fact, committed in the proceedings of any court of record, and which by the common law could have been corrected by the writ of error *coram nobis,* may be corrected by the court in which the error was committed upon motion in writing. Sec. 72, Civil Practice Act, par. 270, sec. 3, ch. 110, Ill. · State Bar Stats. 1935; *People ex rel. Courtney v. Green,* 355 Ill. 468.

The judgment was not void as contended for by appellant. A judgment is not void even though it may be erroneous, if the court had jurisdiction of the person of the defendant and of the subject matter of the suit and had power to render the particular judgment entered, and such judgment is valid until reversed, all of which facts appear from the record in the case. *People ex rel. Merrill v. Hazard,* 361 Ill. 60.

Appellant was served with summons on June 20, 1933, and it was not defaulted or judgment rendered until October 16, 1934. During all that time it failed to plead or demur to the declaration and its only excuse is that Homer H. Williams, a practicing attorney, originally represented it and that said Homer H. Williams claims to have withdrawn his appearance as attorney for the board of education, and that his withdrawal does not appear of record in said cause.

The statute declares such service sufficient and the defendant was bound by it, and the excuse set up in the affidavit was not sufficient to excuse its default. Even though Homer H. Williams had been employed to represent it as its attorney and had through negligence failed to file a plea and interpose any defense available to appellant or had negligently failed to notify it of his withdrawal as such attorney, if that were the fact, and had negligently failed to be present when the case was called for trial, it would not excuse such default.

Having failed to present its defense by a plea or demurrer, the only question which could be presented upon the default was the sufficiency of the cause of action stated in the declaration.

Lack of knowledge by the court of facts which constitute a defense is not the error of fact which can be corrected by motion. It was the duty of the defendant to bring those facts into the record, and if it failed to do so the plaintiff was under no obligation to do it, and the court committed no error in disregarding such facts in rendering judgment. The facts alleged in the declaration were admitted. If they constituted a cause of action the court could do no more or less than render judgment against defendant. If they did not constitute a cause of action, its error in rendering judgment against the defendant was an error of law which can be reviewed only by an appeal to an appellate court. The trial court had no power, on motion, to correct its errors of law after a period of thirty days from the rendition of the judgment. Even though the defendant was indebted beyond its constitutional limits at the date of the making of the contract and that fact if pleaded would have defeated a judgment, yet such fact cannot be taken into consideration on this motion, as it, like any other defense, should have been brought into the record by the defendant. *Marabia v. Thompson Hospital, supra.*

It is also contended that the court erred in including in the judgment a considerable amount of money as interest. The declaration consisted of the common counts which included a claim for interest on divers sums of money forborne by the plaintiff for the defendant at its request for divers spaces of time. The record discloses that upon the default being taken the court heard evidence and assessed the damages of the plaintiff, and even though a sum of money was included in the judgment as interest, which is claimed by appel-

lant to be erroneous, that question could only be reviewed upon appeal to an appellate court.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*