**Edith L. Belding, Individually and as Administratrix of the Estate of Wilbert D. Belding, Deceased, Appellee, v. Harlow H. Belding et al., Appellants.**

**Gen. No. 9,162.**

Opinion filed January 18, 1937.

George W. Thoma, of Wheaton, for appellants; Francis L. Zimmermann and Herbert A. Grotefeld, of Downers Grove, of counsel.

Walter E. Moss, of Chicago, for appellee.

Mr. Presiding Justice Huffman delivered the opinion of the court.

This was an action in debt by appellee against Harlow H. Belding and others, who were obligors upon an appeal bond given in the appeal of *Belding v. Belding,* 281 Ill. App. 351. Defendants filed answer. Appellee filed her motion to strike same for insufficiency. Appellants were given leave to file an amendment to the answer. An amendment thereto and a counterclaim were filed. On motion of appellee, the answer and amendment thereto and the counterclaim were stricken, and judgment by default entered against appellants, from which judgment they bring this appeal.

One who submits to a default, upon appeal, will be held to have admitted all that is well alleged against him. *Roe v. County of Cook,* 358 Ill. 568, 570; *Seither & Cherry Co. v. Board of Education,* 283 Ill. App. 392. Edgar E. Belding and his two sons, Wilbert D. and Harlow H., entered into a partnership agreement to engage in the general contracting business, in February, 1918. In 1928, Wilbert died, leaving appellee as his surviving widow. In 1931, appellee filed in the circuit court of DuPage county, her bill for an accounting, settlement, and division of partnership property, under the provisions of the Uniform Partnership Act (Ill. State Bar Stats. 1935, ch. 106a; Jones Ill. Stats. Ann. 97.01 *et seq.*). That case came to this court. (*Belding v. Belding,* 272 Ill. App. 196.) It was removed to the Supreme Court on writ of certiorari. (*Belding v. Belding,* 358 Ill. 216.) The Supreme Court made computation of the amount due appellee, and reversed and remanded the case to the circuit court with directions for it to enter a decree in accordance with such views. Whereupon, the circuit court of said county did enter its decree in conformity with the views expressed by the Supreme Court in its above opinion. The appellant, Harlow H. Belding, prose-

cuted an appeal to this court from the decree of the circuit court entered in accordance with the mandate of the Supreme Court. In prosecuting such last named appeal, Harlow H. Belding and the other appellants to this suit, signed the appeal bond given in connection therewith. It is upon this appeal bond that this action of debt is brought.

In appeals of the above character, the only question presented is whether the decree entered by the lower court is in accordance with the mandate and directions of the court of review. This court held on the above appeal (*Belding v. Belding,* 281 Ill. App. 351), that the decree as entered by the trial court complied with the directions and views expressed by the Supreme Court. The judgment of the trial court was affirmed, and leave to appeal denied. The appellants in that case, not having satisfied the decree against them entered in conformance with the mandate of the Supreme Court, by paying to appellee the sum of money found due her and ordered paid, appellee instituted this present action in debt to recover upon the appeal bond.

We have considered the contentions of appellants in connection with the record in this case and do not find wherein the trial court committed error.

The appellee filed her motion to dismiss the appeal. We do not deem it necessary to consider such motion in the disposition of this case.

The judgment of the trial court is affirmed.

*Judgment affirmed.*