## T. T. Hinde et al., Appellants, v. H. M. Madansky et al., Appellees.

1. LANDLORD AND TENANT—*when abandonment not justified.* If a leasing has taken place the tenant has no right without cause to abandon the premises and refuse to pay the rent stipulated.

2. LANDLORD AND TENANT—*obligation of former to re-rent.* If demised premises are improperly abandoned by the defendant it is the duty of the landlord to use due diligence to re-rent the premises and thus reduce the amount of the tenant's liability. The burden of establishing lack of due diligence by the landlord rests upon the tenant.

3. MEASURE OF DAMAGES—*in action against tenant for rent where tenant has wrongfully abandoned.* The measure of damages for the abandonment of a lease by a tenant is the rent agreed to be paid less whatever the landlord could have made out of the premises by the use of due diligence after they came into his possession.

Assumpsit. Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

SPRINGER & BUCKLEY, for appellants.

WARNOCK, WILLIAMSON & BURROUGHS, for appellees; THOMAS STALLINGS, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in *assumpsit* commenced in the Circuit Court of Madison county, November 20, 1908, by T. T. Hinde and J. C. Hinde, partners doing business as Hinde & Hinde, against H. M. Madansky and his three sons, doing business under the firm name of Madansky & Sons, to recover ten months' rent at the rate of $120 a month for two store buildings, owned by the first named firm.

The declaration contained two special counts and the common counts. The first count relied upon and set out in full, a statement in writing, the principal provisions of which are as follows:

"MADANSKY & SONS,
    Tri-Cities, Ill.

DEAR SIRS:—We will lease you for a term of five years the two new store rooms to be built by us on Madison Avenue, Madison, Ill., between our present store building and Dave Washauer's Store building to be built according to plans and specifications, etc. for the sum of $120 per month payable monthly cash in advance. The term to begin at the completion of said store rooms which we expect to be August 1st, 1907, and at the beginning of such term you are to be released from the lease of the store room now occupied by you * * * and also bind ourselves during the five year term of your lease or until you discontinue your present line of business in both of said store rooms not to rent either of the four store rooms immediately south of the proposed new building and fronting on Madison Avenue for any business to carry a line of men's clothing, shoes, wearing apparel, etc., it being a part of this proposition that should we rent either one or more of said store rooms for a dry goods or department store business it must be under written lease from us, excluding the lines above mentioned. * * *

HINDE & HINDE, by T. T. HINDE.
Dated March 18th, 1907.

We hereby accept the above rental proposition this 19th day of March, 1907.

H. M. MADANSKY & SONS,
    By B. H. MADANSKY."

It was alleged that appellants built said store rooms and appellees took possession of the same on February 1, 1908. The second count avers that appellants entered into a written agreement to lease to appellees the two store rooms in question, for five years from the completion of the same; that the rooms were completed about January 1, 1908, but at the request of appellees, the time for the commencement of the lease was extended to February 1, 1908, at which time appellees entered into possession of the same.

There was a verdict in favor of appellants for $240

for which judgment was rendered, and they, being dissatisfied with the amount recovered by them, appealed to this court.

At the time the written proposition was made and accepted, appellants, as it appeared from the proofs, owned certain store rooms in Madison, Illinois, also some vacant lots adjoining the same. Appellees occupied the store rooms next to the vacant property for which they were paying appellants $60 a month rent. After their proposition was accepted, appellants proceeded to erect two brick store rooms on the vacant lots and while they were being constructed, appellee, B. H. Madansky, who appears to have been the managing partner for appellees, was about the building, and at his suggestion and request many alterations and additions were made, for one of which, if not more, he agreed to pay the additional expense incurred. There was also evidence tending to show that he stated he had leased the rooms. About this time, appellees, whose store was called "The Model," had a sign put in the window of one of the new store rooms, stating, "This building will be occupied by The Model February 1st" and on the show window of the other new room was a sign, "For Rent, Apply at The Model." On the front window of the room occupied by appellees was placed a notice of a "removal sale." In the latter part of January there was a fire near the property in question, which destroyed the building occupied by another clothing store. Two witnesses testified that they went to B. H. Madansky and requested him to give up one of the rooms to the man who had been burned out, but he refused to do so, saying that he needed the rooms and the party was a competitor. About March 3, 1908, B. H. Madansky and his father went to the office of appellants and after some conversation with T. T. Hinde, in which the question whether they had rented the rooms or not was warmly contested, B. H. Madansky, who had possession of the

keys to the new rooms, threw them down on a desk, refused to acknowledge the lease and, with his father, left the office.

Appellants did not acknowledge the right of appellees to give up the rooms and made no effort to rent them to others. It was shown by the proofs that two different parties desired to rent rooms but appellants refused to accept them as tenants.

It appears to be clearly shown by the evidence that the said written instrument was executed by the parties to the suit; that thereafter the building was erected by appellants; that appellees under the written agreement, caused changes in the same to be made to suit their convenience; that the time for the commencement of the lease was changed at their request to begin on February 1, 1908, and at that time they took possession of the premises; that on March 3, 1908, appellees undertook to abandon their rights and obligations under the contract but that appellants would not give consent for them to do so.

Under the circumstances, we are of opinion the instrument in question must be considered as a leasing of the premises by appellees and the jury properly recognized the right of appellants to recover.

Upon the trial certain checks given by appellees to appellants and bearing the statement "Rent in full up to date" or other words of like nature, were admitted in evidence by the court. These checks from their amounts and the circumstances under which they were given, were plainly understood by both parties to cover only the rent for the old store building occupied by appellees and had no relation whatever to the new store rooms. In fact, appellees have always denied that they were under any obligations to pay rent on the new store buildings and have refused to do so. Appellants objected to the introduction of these checks in evidence and assert here that it was error to admit them. While the bearing these checks

may have had upon the question in issue was very slight, yet we think they were admissible as tending to show that appellees were continually denying they were under obligations to pay rent to appellants, except for the store room occupied by them. In order that no injury might accrue to appellants, the trial court instructed the jury that if they found the checks in question were given in payment for the rent of a building other than the one mentioned in said instrument in writing, they should not consider payments made by such checks in arriving at their verdict.

After the attempted abandonment of the leasing contract by appellees on March 3, 1908, the rooms in question remained vacant. Appellants themselves testified that they did not try to rent the property after the keys were returned to them.

Notwithstanding the fact, however, that appellants refused to acknowledge the right of appellees to surrender their lease, there were certain obligations resting on the former as owners of the building, in reference to the renting and occupancy of the same. This obligation did not affect appellants' legal right to recover damages, but concerned the measure of damages.

Appellees correctly assert that the measure of damages for the abandonment of a lease by a tenant, is the rent agreed to be paid, less whatever the landlord could have made out of the premises by the use of due diligence after they came into his possession. Resser v. Corwin, 72 Ill. App. 625.

It was, however, the duty of appellees and the burden was upon them to show, in order to relieve them from the payment of all or any portion of the rent after their attempted abandonment of the lease, that appellants did not exercise due diligence to rent or lease the abandoned premises and also that the exercise of such diligence on their part would have resulted in securing another suitable tenant. It was also the duty

of appellees to show how much rent could have been obtained for the premises by appellants, from such tenant, in order that their actual loss as owners of the building might be ascertained.

Appellants were only entitled to recover a sufficient sum to make them whole for the loss, if any, occasioned by appellees' attempted abandonment of their lease. The sum of $240 recovered, was the amount of rent due at the time appellees surrendered the premises and there is no evidence in this record tending to show whether appellants could or could not have rented said premises thereafter to other suitable parties. In the absence of proof upon this question, appellees were not entitled to be relieved from the payment of rent on the premises covered by the lease after their abandonment of the same. The judgment of the court below will therefore be reversed and the cause remanded.

*Reversed and remanded.*