(No. 22338.—

Edith L. Belding, Admx., Plaintiff in Error, *vs.* Edgar E. Belding *et al.* Defendants in Error.

*Opinion filed October 17, 1934—Rehearing denied Dec. 5, 1934.*

Sylvester E. Quindry, and Walter E. Moss, (Marvin W. Wallach, and B. Blakeney Harris, of counsel,) for plaintiff in error.

Thoma, Linden & Hutchinson, (George W. Thoma, of counsel,) for defendants in error.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error, individually and as the administratrix of the estate of Wilbert D. Belding, deceased, filed in the circuit court of DuPage county her bill for an accounting,

settlement and division of partnership property under the provisions of the Uniform Partnership act. (Cahill's Stat. 1933, chap. 106a.) An answer was filed and evidence was heard by a master in chancery. The court, on review of the master's report, entered a decree hereinafter referred to. Defendants in error appealed to the Appellate Court for the Second District. That court affirmed in part and in part reversed the decree and remanded the cause, with directions to enter a decree in accordance with its finding. The cause is here on writ of *certiorari*.

The death of Edgar E. Belding has been suggested on the record of this court and his representatives have been substituted.

It appears from the record that on or about February 25, 1918, Edgar E. Belding and his two sons, Wilbert D. and Harlow H., entered into a written partnership agreement to engage in the general contracting business. Under the terms of this agreement Edgar E., the father, was to receive sixty per cent of the profits and Wilbert and Harlow each twenty per cent. On September 19, 1928, Wilbert died, leaving plaintiff in error and their children as his only heirs-at-law.

The partnership contract recited that Edgar E. Belding contributed $2000 in cash and personal property of a like amount. It provided the method by which the books should be kept and the money paid out, provided that each member of the partnership should receive a per diem amounting to sixty-five cents per hour for ten hours, and that losses should be shared in the same proportion as net profits. The partnership was to be of indefinite duration. The business prospered, and at the time of the death of Wilbert the partnership had accumulated considerable property.

The bill charges that prior to the termination of the partnership by the death of Wilbert the partnership agreement was so modified that each partner shared equally in

property and net profits of the business, and that the portion of the partnership agreement providing for the payment of interest to Edgar E. Belding on his capital investment was canceled and the other partners released from any obligation on account thereof, so that at the time of the death of Wilbert all the partners owned an equal interest in all of the property, real and personal, belonging to the partnership. It appears from the record that at the time of the death of Wilbert the partnership had eighteen contracts for construction work, which were completed after his death. The prayer of the bill was for an accounting, division and partition of the real estate and accounting of the profits which had been earned on the eighteen uncompleted contracts up to the date of Wilbert's death. The answer of the defendants in error denied that there was any modification of the partnership agreement.

The master in chancery who heard the testimony reported as his conclusion of fact that about a month after the death of Wilbert, Harlow stated to plaintiff in error that they had computed Wilbert's one-third interest in the business, and that it amounted to between $13,000 and $14,000, plus profits. He also found that Harlow furnished the data from which an inventory was drawn, showing a net value of the partnership assets of $41,080, in which all partners are shown to have an equal interest. The profits for the current year were estimated at about $9000. This inventory was made for the purpose of filing, and was filed, in the probate court in the matter of the estate of Wilbert. It appears that a full and complete accounting between the partners was had up to and including the year 1926; that no accounting had been had for the year 1927 nor up to September 19, 1928, the date of the death of Wilbert, but from January 1, 1927, to the date of Wilbert's death, Edgar E. drew, aside from his per diem, $2268.93, Wilbert $2808.96, and Harlow $2523.76. The master found that the evidence showed the partnership agreement to have

been so modified that each partner had a one-third interest in the business. The chancellor confirmed this finding.

The eighteen contracts in partial completion at the time of the death of Wilbert produced a net profit, when completed, of $4915.52. The assets of the co-partnership estate at the time of the death of Wilbert were $74,074.24. This included the profits on the eighteen contracts. The liabilities amounted to $18,929.79, leaving a net worth of $55,144.45. From this the chancellor deducted $2000 cash invested by Edgar E. Belding, and found the net value of the co-partnership property to be $53,144.45 and the interest of each partner therein to be one-third. The decree also finds that withdrawals and advancements amounting to $7127.11 had been made by Wilbert in his lifetime and after his death to plaintiff in error, leaving a net interest of Wilbert's estate in the partnership property amounting to $10,587.77. To this the decree added five per cent interest from the date of the death of Wilbert to October 4, 1932, the date of the entry of the decree. On review the Appellate Court found the gross value and the liabilities of the partnership estate as did the circuit court, but found that the partnership agreement had not been modified and directed a decree to be entered finding the interest of the partners to be sixty per cent, twenty per cent and twenty per cent, as set forth in the agreement. This finding fixes the value of Wilbert's interest at $10,628.89, with a deduction of $7127.11 herein referred to as having been advanced, leaving a balance due plaintiff in error, as administratrix, of $3501.78, without interest.

The principal question before the circuit and Appellate Courts, and here, is whether plaintiff in error proved that the written co-partnership contract had, prior to the death of Wilbert, been so modified by agreement or consent as to entitle his estate to a one-third interest in the co-partnership property. Plaintiff in error testified, as we have stated, that Harlow told her, after Wilbert's death, that

Wilbert's estate was entitled to one-third, which would amount to $13,000 or $14,000, and that it would require some years to pay it off. This testimony stands uncontradicted in the record. There is also other undisputed evidence tending to show a change in the relationship of the partnership and in the distribution of partnership profits. The income tax returns for the year 1926 signed by Edgar E., and in 1927 and 1928 signed by Harlow, show that the profits for those years were equally divided between Wilbert and Harlow. Edgar E. does not appear to have reported any profits to himself for that period. It is also uncontradicted that the real estate owned by the partners was purchased with partnership assets, and in each case, with one exception, the title was taken in the names of the partners, as tenants in common. In the excepted instance title to the property was taken in the name of the partnership. It also appears that between January 1, 1927, and September 19, 1928, Edgar E. drew from the partnership funds $4068.93, and that of this he re-paid $1800, reducing his withdrawals to approximately that taken by each of the other two partners. As we have stated, this evidence is undisputeed.

It is a rule well recognized, that where the evidence to prove a fact is chiefly, if not entirely, in control of the adverse party and such evidence is not produced, his failure to produce the evidence tends to strengthen the probative force of the evidence given to establish such claimed fact. (*Morris* v. *Equitable Life Assurance Society of United States,* 109 Neb. 348, 191 N. W. 190.) The burden of producing evidence, chiefly, if not entirely, within the control of an adverse party, rests upon such party if he would deny the existence of claimed facts. (*Harper* v. *Fay Livery Co.* 264 Ill. 459.) Where a party alone possesses information concerning a disputed issue of fact and fails to bring forward that information, and it is shown that it can be produced by him alone, a presumption arises

in favor of his adversary's claim of fact. (*Great Western Railroad Co.* v. *Bacon,* 30 Ill. 347.) Applying these rules to the undisputed facts of this case, we are of the opinion that the chancellor was right in finding, as a matter of fact, that a change had taken place in the partnership agreement to the effect that each partner owned a one-third interest in the partnership estate.

There is also in this case a question of law whether Wilbert's estate is entitled to share in the net profits of the eighteen contracts under execution at the date of his death and completed thereafter, without interest, or to a division of the property, including profits earned up to the date of his death, with interest from that date. Under section 42 of the Partnership act, (Smith's Stat. 1933, p. 2123,) plaintiff in error, as administratrix, had a right to elect whether she would take the value of her deceased husband's interest, with interest thereon, or in lieu of interest take the profits attributable to the use of his interest in the property arising thereafter. In this case plaintiff in error elected to receive the value of Wilbert's interest at the time of his death, with interest thereon. It is here asserted in her behalf, and is shown by the record, that of the $4915.52 net profits arising out of the eighteen contracts there had been earned at the time of Wilbert's death the sum of $3097.03. This sum constituted a part of the property of the partnership at the time of Wilbert's death.

As we have seen, the total net value of the assets of the partnership was $53,144.45. This included the sum of $4915.52 profits on the eighteen contracts. To determine the interest of plaintiff in error there should be deducted from the total assets the difference between $3097.03 earned prior to Wilbert's death and the total net profits on the contracts. This leaves net parnership assets to be accounted for in the sum of $51,325.96. The interest of plaintiff in error, as administratrix, is one-third thereof, less payments and advancements of $7127.11 herein re-

222

ferred to. To this share of the assets is to be added interest at five per cent from the date of the death of Wilbert.

The judgment of the Appellate Court is reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*