SARAH BRODY, EXECUTRIX OF THE ESTATE OF EUGENE BRODY, DECEASED, AND SARAH BRODY, INDIVIDUALLY, PLAINTIFF-APPELLANT, v. OVERLOOK HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY, AND ESSEX COUNY BLOOD BANK, DEFENDANTS-RESPONDENTS, AND BERNARD ERDMAN, HELEN BENJAMIN AND EASTERN BLOOD BANK, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS, AND WILLIAM U. CAVALLARO, DEFENDANT.

Argued January 6, 1975—Decided February 5, 1975.

*Mr. Ira J. Zarin* argued the cause for the plaintiff-appellant (*Messrs. Zarin and Maran,* attorneys).

*Mr. William P. Ries* argued the cause for defendant-respondent Overlook Hospital.

*Mr. Bartholomew A. Longo* argued the cause for the defendant-respondent Essex County Blood Bank (*Messrs. Ryan, Saros, Davis and Stone,* attorneys).

*Mr. Henry Spielvogel* appeared for the defendant William U. Cavallaro (*Messrs. Morgan, Melhuish, Monaghan, McCoid & Spielvogel,* attorneys).

*Mr. John J. Francis, Jr.* appeared for the New Jersey Blood Bank Association *amicus curiae* (*Messrs. Shanley and Fisher,* attorneys; *Mr. Albert L. Strunk, III,* on the brief).

*Mr. Eugene M. Haring* appeared for the New Jersey Hospital Association *amicus curiae* (*Messrs. McCarter & English,* attorneys; *Mr. Woodruff J. English,* of counsel; *Mr. Frederick B. Lehlbach,* on the brief).

PER CURIAM. ■ ■ In 1966 blood obtained from the Overlook Hospital and the Essex County Blood Bank was used in a transfusion during an operation on the plaintiff's decedent at the Hospital. The blood was infected with viral hepatitis but the undisputed expert testimony was that such infection was then undiscoverable. The Appellate Division held that while the Hospital and the Blood Bank were under an obligation to use due care they were not accountable under the theory of strict liability in tort. *Brody v. Overlook Hospital,* 127 *N. J. Super.* 331 (1974). Sound policy considerations dictated that result and accordingly we affirm. See *Hines v. St. Joseph's Hospital,* 86 *N. M.* 763, 527 *P.* 2d 1075 (1974); *Annot.,* 54 *A. L. R.* 3d 258 (1973). There are indications that subsequent to 1966 tests may have become available for discovering the viral infection but for present purposes we need not consider the adequacy of these tests or whether their present availability would hereafter result in accountability under the theory of strict liability in tort. *Cf. Baptista v. Saint Barnabas Medical Center,* 109

*N. J. Super.* 217 (*App. Div.*), *aff'd,* 57 *N. J.* 167 (1970). The Appellate Division, in the context of blood transfusions and drug-type situations (127 *N. J. Super.* at 339), properly placed reliance on § 402A of the Restatement Torts 2d (1966), but for present purposes we need not consider whether its requirement of a showing that the product was "unreasonably dangerous" is to be deemed generally applicable in other contexts. *Cf. Glass v. Ford Motor Co.,* 123 *N. J. Super.* 599 (*Law Div.* 1973); *Cronin v. J. B. E. Olson Corporation,* 8 *Cal. 3d* 121, 104 *Cal. Rptr.* 433, 501 *P. 2d* 1153 (1972); Note, 5 *Seton Hall L. Rev.* 152 (1973).

Affirmed.

*For affirmance*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge CONFORD—7.

*For reversal*—None.