# STERLING, *Petitioner,*
## *v.*
# CITY OF ALBANY et al, *Respondents.*

555 P2d 23

*Raymond J. Conboy,* Portland, argued the cause for petitioner. With him on the briefs were Pozzi, Wilson & Atchison and Elden M. Rosenthal, Portland, and Emmons, Kyle, Kropp & Kryger and C. S. Emmons, Albany.

*Edward H. Warren,* Portland, argued the cause for respondents. With him on the brief were Hershiser, Mitchell & Warren, and William H. Mitchell, Portland.

O'CONNELL, J.

## O'CONNELL, J.

This is a petition for review of a decision of the Court of Appeals. *Sterling v. City of Albany,* 24 Or App 397, 545 P2d 1386 (1976).

The petitioner is the personal representative of Maurice Sterling, who was killed by police gunfire on April 15, 1972. Petitioner filed a wrongful death action against the city of Albany and the two policemen involved in the shooting. After a jury verdict for the defendants, the plaintiff appealed asserting that the trial court erred in refusing to strike certain affirmative defenses from the defendants' pleadings. The Court of Appeals affirmed the trial court's decisions on the pleadings and we granted review.

Plaintiff's decedent was the co-owner of the Bull N'Bear restaurant in Albany, which had been burglarized twice in the previous two months. During the same period, police officials had on two occasions entered the restaurant at night, after finding unlocked windows, to investigate possible burglaries and had left notes to the owners indicating their presence.

The decedent had driven an El Camino pickup truck, owned by his partner, to the restaurant around 1:30 a.m. on the night of the shooting. He entered the restaurant, armed himself, undressed and encamped there for the night. Later that morning, at approximately 5:00 a.m., one of the defendants, Officer Hansen, in the course of a routine security check of the area, noticed a lack of condensation on the windows of the El Camino truck and concluded that it had been driven recently. Hansen also noticed that a window fronting the second story veranda of the restaurant was open and upon closer inspection observed that the dust on the sill was disturbed.

Officer Hansen called for a license check on the El Camino truck and for assistance. In response to the request for assistance, defendant Officer Engel joined Hansen and the two officers entered the restaurant to

investigate without waiting for the license check report. The officers had drawn their weapons, were using flashlights and talked to each other as they proceeded through an upstairs dining room. At this point the beams of Hansen's flashlight revealed a figure with a gun. Hansen ordered the person not to shoot and to drop the gun and, as he later testified, "I believe I possibly identified myself as a police officer as he [Sterling] fired the gun." The officers fired six shots in response, one of which proved fatal to plaintiff's decedent.

The complaint in plaintiff's wrongful death action asserted that the police officers were negligent in entering the restaurant at all; that they were negligent in entering the restaurant without completing a license check of the El Camino; without notifying the owners and without warning occupants of the officers' intent to enter, and in entering the restaurant in a manner which made the decedent fear for his safety. The complaint further alleges that the police officers were negligent in firing their weapons at Sterling, and firing the weapons without identifying themselves as police officers.

Defendants allege as one of their affirmative defenses that: "[t]he defendants had probable cause to believe that a felony was being committed within the Bull N'Bear restaurant at the time and place in question." At the trial, plaintiff moved to strike this allegation on the ground that it was not supported by the evidence. He made the same argument on appeal and in his petition for review. He also contends that it was error to instruct the jury that probable cause is a question of fact for the jury.

■■ The issue of probable cause should not have been injected into this case and it may have been error for the trial court to instruct the jury in terms of probable cause. However, if error was committed, it was invited by petitioner because he himself requested an instruction to the effect that probable cause was a question

for the jury. Moreover, petitioner's motion to strike the probable cause defense was made only on the ground that there was no evidence to support it; petitioner did not attack the allegation on the ground that it is inappropriate to consider probable cause in civil actions based upon negligence.

■■ It was, of course, inappropriate for the trial court and the Court of Appeals to treat the question of probable cause as if it were relevant in a negligence action. In a negligence action for personal injuries the reasonableness of the actor's conduct is examined in relation to the risk of bodily harm it creates; in a criminal case the reasonableness of the police officer's conduct, cast in terms of "probable cause," is examined in relation to the constitutional restraints on police officers in making arrests or in conducting searches. In the former, the interest protected is bodily security; in the latter, the interest protected is the accused's privacy. A police officer may have reasonable grounds for making a search, thus constituting probable cause, but in making the search he may unreasonably expose the accused to bodily harm. Conversely, a search may be without probable cause and in that sense unreasonable, but at the same time his conduct may not create an unreasonable risk of bodily harm to the accused.

■■ A similar criticism can be made regarding another of defendants' affirmative defenses, that they "acted reasonably under the attendant circumstances and in good faith performance of their duties." Good faith is not a defense to an action for negligence. However, since the defense of good faith is presented conjunctively with the defense that defendants acted reasonably, the proof of good faith in addition to the proof that defendants' conduct was non-negligent would constitute an additional burden on defendants and therefore would not be prejudicial to plaintiff.

■ The Court of Appeals devotes a part of its opinion to a discussion of the status of policemen as trespassers or licensees and conclude that they are licensees

rather than trespassers. This distinction has no relevancy to the issue in the present case. The threefold classification of trespasser, licensee and invitee is employed in describing the different duty the landowner owes to each of these classes of persons coming upon the landowner's premises. The situation in the present case is just the reverse—the issue concerns the duty of the policemen to the occupant and the occupant's "duty" to refrain from unreasonably exposing himself to risks of harm. The court was led into a discussion of the classification by petitioner's contention that the policemen in this case had no right to assert that they fired in self-defense since they were trespassers. Apparently this contention is made upon the erroneous assumption that a trespasser is in the nature of things the initial aggressor and thus not entitled to assert that he acted in self-defense.

■■ The defense of self-defense is properly confined to cases where the action is for an assault. In an action for negligence, the fact that the defendant acted in the belief that it was necessary for his own protection to injure the plaintiff may be germane to the question of the reasonableness of his conduct, but it does not constitute a separate defense in the sense that it does where the tort is intentional.

Defendants allege as a further defense, that plaintiff was contributorily negligent "[i]n failing to advise the defendants of his presence within the building when he knew or had reason to know that the officers would be patrolling the area." Plaintiff argues that this defense should not have been submitted to the jury.

■■ Ordinarily, it would not be the duty of a landowner for his own protection, to notify the police that he was going to be on his own premises. But there can be circumstances where the plaintiff could reasonably foresee that he would be exposed to a risk of harm unless he gave warning to those who could be expected to come upon his premises. We think that the jury

could reasonably have found that the decedent in this case could have anticipated that the police would again enter the restaurant as they had done on previous occasions and that unless he notified them of his presence, they might mistake him for a burglar and open fire upon him, as they did in this case. The submissibility of the defense of contributory negligence is a close question in the case before us but, for the reasons stated in the Court of Appeals opinion, we hold that it was not error to submit the issue to the jury in this case.

■ Defendants allege as a separate specification of contributory negligence that decedent was negligent "in failing to identify himself to the officers prior to firing upon them." Petitioner argued that it was error for the trial court to refuse to strike this allegation. This, again, is a close question, but we think that a jury could reasonably have found that in view of the past occurrences involving the entry of police into the restaurant to determine if a burglar was on the premises, decedent should have made it clear, before he began shooting, that he was not a burglar.

■ We accepted review of this case to clarify the rationale upon which the verdict and judgment was sustainable. In spite of the fact that there was some confusion in the case as a result of the reliance upon inapplicable legal theory, we are of the opinion that there was no error warranting reversal.

The judgment of the Court of Appeals is affirmed.

**TONGUE, J.,** dissenting.

In my opinion, plaintiff did not have a fair trial because of the submission to the jury of defendants' affirmative defenses of not only probable cause, but good faith. The issues raised by both of these defenses were improperly interjected in this action for wrongful death based upon conduct alleged to have been negligent.