147 N.J. Super. 252 (1977)
371 A.2d 105
RALPH L. MOORE, JR., PLAINTIFF-APPELLANT,
v.
UNDERWOOD MEMORIAL HOSPITAL, AMERICAN RED CROSS, ETC., INTERSTATE BLOOD BANK, ETC., HUGO S. DELUCA, M.D., WARNER D. BUNDENS, M.D., FREDERICK GEORGE, M.D., ORTHOPAEDIC ASSOCIATES OF WOODBURY, ETC., AND BERTRUM LOCKHEAD, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1976.
Decided January 27, 1977.
*254 Before Judges BISCHOFF, MORGAN and E. GAULKIN.
Mr. Leo B. Dubler argued the cause for appellant (Messrs. Herman, Pearson, Dubler and Crass, attorneys).
Mr. David A. Spitalnick argued the cause for respondent Hugo S. DeLuca, M.D. (Messrs. Horn, Weinstein and Kaplan, attorneys).
Mr. Aaron Dines argued the cause for respondent Interstate Blood Bank (Messrs. Willette and Luongo, attorneys).
PER CURIAM.
Plaintiff Ralph L. Moore, Jr. instituted this action for damages, alleging that he contracted serum hepatitis as a result of receiving a blood transfusion incident to a surgical procedure performed upon him on October 19, 1971. Recovery was sought from Underwood Memorial Hospital (hospital), the American Red Cross (Red Cross), Interstate Blood Bank (Interstate) and many named physicians, the only one now pertinent being Dr. Hugo S. DeLuca, the attending surgeon.
Plaintiff's complaint alleged liability on the part of the defendants on theories of negligence, strict liability in tort and breach of warranty. Summary judgments were entered in favor of all defendants on all theories. Plaintiff appeals from the summary judgment entered in favor of defendants Interstate and Dr. DeLuca.
We affirm.
On October 19, 1971 Dr. Hugo DeLuca performed a spinal fusion operation on plaintiff at the hospital. During the course of the operation plaintiff received a transfusion of three units of whole blood. Two of the units were supplied by the Red Cross and one by Interstate. Thereafter, plaintiff *255 developed serum hepatitis which, he alleges, was a result of the transfusion. The Red Cross obtains its blood solely from voluntary sources, whereas Interstate pays its blood donors and is referred to as a "commercial supplier of blood." The blood unit used in the transfusion supplied by Interstate was traced to the donor, Woodrow Rickerson.
Plaintiff's claim that defendant Interstate should be held strictly liable is precluded by Brody v. Overlook Hospital, 127 N.J. Super. 331 (App. Div. 1974), aff'd 66 N.J. 448 (1975). Brody stands squarely for the premise that, in the context of liability for serum hepatitis contracted from blood supplied and used in a blood transfusion, blood is an "unavoidably unsafe product" within the terms of Restatement, Torts 2d, § 402A Comment K (1966)[1]. As such it is not unreasonably dangerous and the seller thereof is not to be held strictly liable for unfortunate consequences attending its use. See Hines v. St. Joseph Hospital, 86 N.M. 763, 527 P.2d 1075 (Ct. App. 1974). While the Brody court was concerned only with the theory of strict liability in tort, we perceive no basis for a different treatment of the theory of breach of warranty in this context. Santor v. A & M Karagheusian, Inc., 44 N.J. 52, 66 (1965); Prosser, Law of Torts (4th ed. 1971), § 98; see also, Jackson v. Muhlenberg Hospital, 96 N.J. Super. 314, 324 (Law Div. 1967), rev'd 53 N.J. 138 (1969).
Plaintiff asserts that Brody is not applicable to commercial blood banks who pay their donors, the benefits of its holding being limited to organizations such as the Red Cross which obtains its blood solely from volunteers.
We do not agree. Whether a product qualifies as "unavoidably unsafe" is to be determined by the nature of the substance. As far as the doctrines of strict liability in tort or *256 breach of warranty are concerned, the source of the substance is simply not relevant.
There remains plaintiff's claim against Interstate on the negligence theory. Plaintiff argues that he should be permitted to submit his case to the jury because an inference of negligence could reasonably be drawn based on the following contentions:
(1) Since Interstate operates for profit, it possesses the motivation for the adoption and use of procedures for securing donors less effective than those used by the Red Cross.
(2) The donor of the Interstate blood has a past social and medical history which makes it likely that the serum hepatitis had its source in his blood.
Plaintiff asserts no facts in support of the former claim and offers nothing to refute Interstate's contention that it employs the very same testing and screening procedures as does the Red Cross.
As to the latter, the record discloses that the donor Rickerson gave blood on many prior occasions and there is no record of any other incident resulting from a transfusion involving his blood, either before or after the donation at issue here.
Moreover, the record establishes that two of the three pints of blood transfused to plaintiff came from the Red Cross, a party against whom plaintiff no longer asserts a claim, and plaintiff concedes that it cannot be medically ascertained which of the three units of blood was, in fact, infected.
Despite extensive discovery, plaintiff is unable to advance any other factual or legal bases in support of this cause of action.
Plaintiff has failed to adduce any facts from which causally related negligence could be reasonably inferred. Hines v. St. Joseph Hospital, supra; see also Hutchins v. Blood Services of Montana, 161 Mont. 359, 506 P.2d 449 (Sup. Ct. 1973).
We, therefore, conclude that the summary judgment in favor of defendant Interstate was properly entered.
*257 Plaintiff's complaint against defendant Dr. DeLuca is based on the so-called doctrine of informed consent. Plaintiff is a graduate of a university as a pre-med student and, as part of his college education, he took a course in hematology. His father, a physician, referred plaintiff to Dr. DeLuca for treatment and participated in the discussions attendant to that treatment. Prior to the performance of the operation, the entire procedure was explained to plaintiff by Dr. DeLuca, including the fact that blood would probably be required.
Prior to surgery plaintiff signed a release on a form supplied by the hospital which informed him that he would be receiving blood and advised of the possibilities of a resulting serum hepatitis.
Plaintiff, while not denying any of these facts, contends that Dr. DeLuca had a duty to warn of alleged additional risks inherent in the use of commercial, as opposed to voluntary, blood. The duty imposed upon a doctor to warn of the hazards of a particular mode of treatment has been stated as follows:
There is no definitive yardstick by which there can be an exact determination that a surgeon has surpassed the consent of the patient. The authorities, however, are in general agreement that the nature and extent of the disclosure, essential to an informed consent, depends upon the medical problem as well as the patient. Plaintiff has the burden to prove what a reasonable medical practitioner of the same school and same or similar community, under the same or similar circumstances, would have disclosed to... his patient and the issue is one for the jury where a fact issue is raised upon conflicting testimony as to whether the physician made an adequate disclosure. [Kaplan v. Haines, 96 N.J. Super. 242 (App. Div. 1967), aff'd o.b. 51 N.J. 404 (1968)]
Reason and precedent suggest that there are rational limits on the extent of the doctor's duty to inform his patient of possible risks associated with any proposed treatment. See Annotation 52 A.L.R.3d 1084 (1973).
Plaintiff has failed to demonstrate or even allege the existence of any standard requiring a warning that commercial *258 blood might be used and, if used, it might increase the risk of contracting serum hepatitis. Kaplan v. Haines, supra.
The summary judgment in favor of Dr. DeLuca was properly entered.
Affirmed.
NOTES
[1] Plaintiff does not contend that advances in medical knowledge have rendered the scientific basis for the holding in Brody, that blood is "unavoidably unsafe," either outmoded or inapplicable.