Argued and submitted April 23, affirmed September 26, reconsideration denied November 9, petition for review denied December 27, 1984 (298 Or 427)

## ROE ROOFING, INC.,
*Respondent,*

*v.*

## LUMBER PRODUCTS, INC.,
*Appellant,*
## ROSBORO LUMBER COMPANY,
*Intervenor.*

(16-82-01066; CA A28918)

688 P2d 425

Randall Bryson, Eugene, argued the cause for appellant. With him on the brief was Bryson & Bryson, Eugene.

Fred A. Divita, P.C., Eugene, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this action at law for breach of implied warranty, defendant appeals from a judgment in favor of plaintiff. Plaintiff alleged that plywood it received from defendant was not fit for the ordinary purposes for which such goods are used. ORS 72.3140(2)(c). As an affirmative defense, defendant alleged that plaintiff had failed to install the plywood properly. Defendant contends that the trial court erred (1) in instructing the jury that defendant had the burden of proving plaintiff's damage was caused by improper installation; (2) in failing to instruct the jury that plaintiff had the burden to prove that any damage was caused by defects within defendant's control; and (3) in failing to direct a verdict for defendant. We affirm.

Plaintiff purchased 244 plywood panels from defendant. The panels were manufactured by intervenor, Rosboro Lumber Company. Plaintiff used most of the panels to reroof two private residences. Soon thereafter, the panels buckled. Plaintiff was required to perform extensive repairs. The trial court instructed the jury:

> "I further instruct you that if you find that the defendant breached its warranty of merchantability but nevertheless has proven with a preponderance of the evidence that plaintiff's damage was caused by improper installation of the plywood by the plaintiff, plaintiff may not recover damages."

Defendant argues that, although it raised the issue of improper installation as an affirmative defense, the issue could have been raised under a general denial and, therefore, it did not assume the burden of proof.

Generally, the burden of proof does not shift merely because a defendant raises as an affirmative defense matter that could equally be proved under a general denial. *See Layton Manufacturing v. Dulien Steel,* 277 Or 343, 349 n 1, 560 P2d 1058 (1977). However, in a proper case, a party may be estopped from asserting the general rule under the theory that any error in the allocation of the burden of proof resulting from improper pleading is invited. Although *Layton* presents a clearer example of the basis for estoppel, the facts here are sufficiently similar to estop defendant from relying on the general rule.

In *Layton,* an action on a contract, the defendant pleaded as an affirmative defense that a damages clause in the contract was in fact a penalty provision. A pretrial hearing was held on the penalty issue. At that hearing, the defendant presented evidence first and was first to make a closing argument. The Supreme Court concluded that, "[a]s a practical matter, then, defendant assumed the burden of proof on this issue, and this assumption will not be disturbed on appeal." 277 Or at 349.

In *Dean Vincent, Inc. v. Krimm,* 285 Or 439, 591 P2d 740 (1979), the plaintiff, a real estate brokerage, sued a vendor to recover a commission. The plaintiff attempted to prove that the agreement's liquidated damages provision was valid, even though that was a matter normally raised by the defense. Citing *Layton,* the Supreme Court held that, because the plaintiff had tried the case on the basis that it had the burden of proof and the trial court decided it on that basis, the defendant could not rely on its mistake on appeal. *See Sterling v. City of Albany,* 276 Or 403, 406, 555 P2d 23 (1976); *Crawford v. Standard Ins. Co.,* 49 Or App 731, 737, 621 P2d 583 (1980), *rev den* 290 Or 652 (1981).

■    At trial, defendant here attempted to show that the panels were installed improperly. Conflicting evidence was presented. Although defendant excepted to the trial court's instruction, it did not withdraw its affirmative defense of improper installation before the jury was instructed. Further, the trial court relied on the pleadings in instructing the jury on the burden of proof. Thus, any error in the giving of the instruction was clearly invited. Defendant is therefore estopped from asserting that alleged error as a ground for reversal.

■    Defendant next contends that the trial court erred in failing to give the following requested instruction:

> "The plaintiff has the burden to establish with reasonable certainty that, of the possible causes of the buckling of the plywood, it was most probable that such buckling was caused by defects within the control of the defendant, and not by improper installation or other causes."

*See Martin v. Burlington Northern,* 47 Or App 381, 386, 614 P2d 1203, *rev den* 290 Or 149 (1980). The requested instruction correctly states a part of our holding in *Davison v. Parker,*

50 Or App 129, 133, 622 P2d 1113, *rev den* 290 Or 853 (1981).[1] There, the plaintiff sued to foreclose a construction lien for concrete sewer piping it had supplied to the defendant, who counterclaimed for breach of warranty of merchantability. We stated:

> "The question of causation is one of fact and defendants had the burden of establishing with reasonable certainty that, of the possible causes of the pipe failure, it was most probable that the cause was one within plaintiff's control and was not due to defendants' own error. *Valley Inland Pac. Constructors v. Clackamas Water Dist.,* 43 Or App 527, 532-33, 603 P2d 1381 (1979). Where the alleged cause of failure involves a latent defect, as in this case, a party may prove circumstantially that a defect existed by showing it used the product in the normal manner. *Controltek, Inc. v. Kwikee Enterprises, Inc.,* 284 Or 123, 130-31, 585 P2d 670 (1978)."

Nevertheless, the requested instruction was properly denied. First, the instruction is an attempt to reallocate the burden of proof to plaintiff to prove proper installation. We have already held that defendant cannot prevail on that theory. Second, this case, like *Davison v. Parker, supra,* involves a latent defect. The instruction ignores the holding that a latent defect may be proved circumstantially by evidence that the product was used in a normal manner. Thus, it is an incomplete statement of the law.

■    Defendant last contends that the trial court erred in refusing to direct a verdict in its favor on the warranty of merchantability claim. It argues that plaintiff failed to prove that the panels were defective or that any defect was within defendant's control.[2] We consider the evidence in the light

---

[1] Although this is essentially a correct statement of the law, the burden of proof with respect to the issue of causation is by a preponderance of the evidence, not by "reasonable certainty."

[2] Defendant argues that the expansion characteristic of plywood is unknowable and that expansion is not a flaw but simply "an unavoidable quality of the product, damage from which only the user can prevent." Defendant makes an analogy to cases concerning impurities found in blood transfusions and trichinosis in raw pork, *see Moore v. Underwood Memorial Hospital,* 147 NJ Super 252, 371 A2d 105, 107 (1977); *Huebner v. Hunter Packing Co.,* 59 Ill App 3d 563, 375 NE 2d 873, 875 (1978), where manufacturers and retailers have been absolved from liability because, due to the difficulty in discovering defects, the producer is in no position to control them.

We find no compelling reason in law or in logic to extend the rationale in thoses cases to plywood manufacturers and retailers. Though it may be true that plywood

most favorable to plaintiff. *City of Portland v. Hoffman Const. Co.,* 286 Or 789, 792, 596 P2d 1305 (1979).

Mortier, an engineer who inspected the panels after the repair work was completed, testified that the panels had been installed properly and that the buckling was not caused by the installation. He found nothing about the structure of the houses or anything else that might have occurred during the repair process that could have caused the buckling. He testified further that plywood used in roofing should absorb some moisture without buckling. Some of the plywood he inspected had bulges in the center of the panels, an unusual condition. Roe, one of plaintiff's officers, testified that when the repairs were made, the new panels were installed in the same way as the original panels. No further problems occurred.

■ ■ It was not necessary for plaintiff to show the exact cause of the buckling. It was a latent defect. Its existence could be proved circumstantially by evidence that plaintiff used the product in a normal fashion. *Controltek, Inc. v. Kwikee Enterprises, Inc.,* 284 Or 123, 130, 585 P2d 670 (1978). From the evidence, the jury could have properly inferred that the panels were defective. We conclude that its verdict was supported by substantial credible evidence, and we will not disturb it. *See Myers v. Cessna Aircraft,* 275 Or 501, 506, 553 P2d 355 (1976).

Affirmed.

---

tends to expand when wet, there has been no showing here that the *extent* of expansion is so unpredictable that defendant could never be liable for plywood that expands beyond acceptable limits. That was a question of fact for the jury, which specifically found that the plywood was not fit for the ordinary purposes for which it is used.