Argued and submitted March 11, reversed and remanded June 24, reconsideration denied August 28, petition for review denied September 15, 1987 (304 Or 149)

PORTLAND GENERAL ELECTRIC,
*Respondent,*

*v.*

HERSHISER, MITCHELL, MOWERY & DAVIS,
*Appellants.*

(A8309-05923; CA A38616)

738 P2d 593

Peter C. Richter, Portland, argued the cause for appellants. With him on the briefs were Linda L. Marshall and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Mildred J. Carmack, Portland, argued the cause for respondent. With her on the brief were David K. Miller and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Joseph,* Chief, Judge, and Rossman, Judge.

BUTTLER, P. J.

---

* Joseph, C. J., *vice* Young, J.

## BUTTLER, P. J.

Defendants appeal from a judgment entered after a jury verdict in favor of plaintiff on its claim for breach of a commercial office lease. Because we conclude that the jury instructions on an important element of the case inconsistently placed the burden of proof on both parties, we reverse.

Plaintiff is the owner of Willamette Center (Center), a commercial office building in Portland. Defendants are partners in a law firm that leased office space in Center under a lease dated June 12, 1978, which was to expire on August 14, 1983. In July, 1981, defendants were considering expansion, and one of the partners asked plaintiff whether additional space was available in Center. The parties were unable to work out an agreement, and defendants moved out on December 5, 1981.

In the meantime, plaintiff negotiated with a potential new tenant for defendants' space. Those negotiations did not result in an agreement. In March, 1982, plaintiff hired a leasing agent to find new tenants for Center. Another tenant occupied defendants' former office space from June to September, 1982, while plaintiff prepared other space in the building for it. The leasing agent showed defendants' space to several prospective tenants during 1982, but no substitute tenant was found; most of the prospects decided not to lease the space, because the rent was too high. Finally, a new tenant was found, and a lease was signed on March 5, 1983. Under that lease, the new tenant did not begin paying rent until November, 1983, after defendants' lease had expired.

■ Plaintiff then filed this action for breach of the lease. Defendants answered, asserting as an affirmative defense that plaintiff had failed to mitigate its damages. On the issue of mitigation, the trial court gave these instructions:

> "Plaintiff has alleged, among other damages, that it is entitled to the entire remaining rent under the law firm's lease less rent collected. In order to prevail, plaintiff must prove by a preponderance of the evidence that there was no acceptable substitute tenant for a portion or all of the unexpired term of the lease.
>
> "The defendant has affirmatively alleged that there were — there were acceptable substitute tenants for such space. In order to prevail, the defendant must prove by — defendant

> must prove by a preponderance of the evidence that there was an acceptable substitute tenant available for a portion or all of the unexpired term of the lease."

Obviously, the two instructions are inconsistent. Apparently, the trial court combined parts of both plaintiff's and defendants' proposed instructions in fashioning the instructions that were ultimately given. Contrary to plaintiff's argument, defendants properly excepted to the instruction at issue:

> "[Defendants' counsel]: I think it's very confusing to the jury because you're telling them both parties have the burden of proof on that issue."

*See* ORCP 59H.

Plaintiff also argues that defendants requested the inconsistent instruction and that, therefore, defendants cannot now complain that it was incorrect. *See Sterling v. City of Albany,* 276 Or 403, 406-07, 555 P2d 23 (1976). Although defendants did request a similar instruction, it appears from the record that the requested instruction had been withdrawn in a conference held off the record before the jury was instructed:

> "[Defendants' counsel]: Defendants' exceptions, Your Honor, I believe you misread the Defendants' Requested Jury Instruction No. 10 as we modified it in Chambers. I think we had agreed in Chambers that we were to delete Paragraph 2 and 3 and you were to give Paragraph 1 of that instruction. I believe you read Paragraph 1 and 2.
>
> "THE COURT: I intentionally did that, [counsel]. You had already made your closing argument. I don't — you were not counting on how I was going to give that instruction at that time. The reason I did that is because you did in fact affirmatively plead that and I think that having taken on that burden by affirmatively pleading it that he's entitled to it."

The instruction that was given was a modified version of defendants' Requested Jury Instruction No. 10, paragraphs 1 and 2. Defense counsel's exception shows that paragraph 2, the portion of the requested instruction placing the burden on defendants to show that there were substitute tenants for the space, was withdrawn by defendants before the jury was instructed. Therefore, defendants did not invite the error.

It is clear that one of the instructions is wrong. However, if the burden of proof was on defendants, the error would be harmless. The question, then, is which party has the burden of proof on the issue of whether acceptable substitute tenants were available. Plaintiff argues that defendants assumed the burden by alleging in their answer that such tenants were available. Defendants contend that, notwithstanding their allegations, plaintiff must show that there were no substitute tenants as part of its duty to mitigate its damages. We agree.

When a lessee abandons leased premises, it is the lessor's burden, in an action to recover the reserved rent, to show that the lessor mitigated its damages and "if he does not, he has not made out his case." *Kulm v. Coast-to-Coast Stores,* 248 Or 436, 442, 432 P2d 1006 (1967). In *U.S. Nat'l Bank v. Homeland,* 291 Or 374, 380, 631 P2d 761 (1981), the court said:

> "Following abandonment of the leased premises, the landlord cannot stand idly and look to the tenant for damages in the amount of the rent which would accrue during the remainder of the leasehold term. The lessor has a duty to make a reasonable effort to mitigate damages by finding a suitable tenant."

It is clear that the lessor not only has a duty to mitigate, it also has the burden to prove that it made a reasonable effort to find a suitable tenant and, if there were tenants available to lease the space, it has the burden to show that they were not suitable and why they were not. Those facts are peculiarly within the knowledge of the lessor. Accordingly, in this case, plaintiff has the burden to prove that there were no acceptable substitute tenants available after it had made a reasonable effort to re-lease the premises.[1]

Although, as a general proposition, one who alleges facts has the burden to prove them, when a defendant raises as an affirmative defense matters that could be put in issue under a general denial, the burden of proof does not shift. *Roe Roofing v. Lumber Products,* 70 Or App 93, 95, 688 P2d 425, *rev den*

---

[1] We held in *Amvesco v. Key Title Co.,* 77 Or App 333, 713 P2d 614 (1986), that the tenant had the burden to show that it was not in continued possession of the leased premises and, therefore, that the premises were available for releasing by the landlord. That issue differs from the one in this case, where it is undisputed that defendants have surrendered the premises and that the premises are available to plaintiff to relet.

298 Or 427 (1984). Because the question whether there were acceptable substitute tenants is part of plaintiff's duty to mitigate, it would have been put in issue through a general denial of plaintiff's claim. Therefore, defendants' allegation did not result in its assuming the burden of proof on that issue.

■      Because plaintiff's efforts to mitigate were a critical issue in this case and because the issue presented a jury question, we cannot say that the inconsistent jury instructions on the burden of proof did not prejudice defendants. Accordingly, the case must be reversed.

Reversed and remanded.