JOSEPH T. SNYDER, JR., Plaintiff-Appellee, v. JOHN C. AMBROSE, Indiv. and d/b/a Ambrose and Cushing, Defendants-Appellants.

Second District    No. 2—93—1213

Opinion filed August 30, 1994.—Rehearing denied September 28, 1994.

John C. Ambrose, of Ambrose & Cushing, P.C., of Chicago, appellant *pro se*.

Lawrence I. Serlin, of Highland Park, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The defendant, John C. Ambrose, asks this court to reverse the judgment of the trial court. For the following reasons, we vacate in part, reverse in part, and remand.

In our opinion, only one of the issues raised by the defendant is precedential: that the trial court erroneously excused proof of the plaintiff's mitigation of damages. We will summarily dispose of the rest of the defendant's arguments before turning to our disposition on the precedential issue.

## I. THE NONPRECEDENTIAL ISSUES

We deem waived the defendant's arguments with respect to the trial court's alleged abuse of discretion for denying the defendant's motions for continuances. In ruling on those motions, the trial court interpreted a local court rule. The defendant failed to cite or provide this court with that rule and, pursuant to Supreme Court Rule 341(e)(5), his arguments on this issue are waived. 134 Ill. 2d R. 341(e)(5).

We also find no abuse of discretion on the part of the trial court for admitting plaintiff's exhibits Nos. 6 and 7 and awarding allegedly excessive attorney fees (Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23(c)(7), eff. July 1, 1994). However, we vacate the fee award without prejudice to the plaintiff seeking reasonable attorney fees upon a retrial of the cause.

Furthermore, we find no merit in the defendant's arguments that plaintiff's exhibit No. 1 was improperly found to be a valid modification of a prior lease because it was unsupported by consideration. The findings of the trial court in this regard are not against the manifest weight of the evidence. Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23(c)(8), eff. July 1, 1994.

Likewise, the defendant's claim that plaintiff's exhibit No. 1 was

inadmissible in the absence of an adequate foundation under the best evidence rule lacks merit. The trial court did not abuse its discretion in admitting this evidence (Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23(c)(7), eff. July 1, 1994). Assuming *arguendo* there was an abuse of discretion, we determine there was sufficient other evidence in the record to establish that plaintiff's exhibit No. 1 was the actual lease between the parties.

## II. THE PRECEDENTIAL ISSUE: MITIGATION OF DAMAGES

The defendant asserts the trial court erred in excusing the plaintiff from establishing mitigation of damages. We agree.

The plaintiff filed a complaint on November 17, 1992, alleging that the defendant had entered into a written agreement to rent real estate from the plaintiff from April 1, 1991, through October 31, 1992. The complaint alleged that the defendant had paid rent from April through July 1991, but had failed to pay any rent after that time through the term of the lease.

The trial commenced on July 22, 1993. The plaintiff filed a motion *in limine* to preclude the defendant from raising any affirmative defenses on the ground that the defendant had failed to file an answer. The trial court granted the motion but ruled that it would consider that the defendant generally denied the allegations of the complaint and would hold the plaintiff to his burden of proving the allegations in the complaint. See 735 ILCS 5/2—1301(d) (West 1992).

During the trial, the defense called the plaintiff as an adverse witness and asked him what he did to mitigate damages. The plaintiff's counsel objected on the ground that mitigation of damages was an affirmative defense which the defendant was barred from raising. The defense responded that mitigation of damages is not an affirmative defense and that the question was one only of shifting the burden of proof. The trial court ruled that because there was never an answer filed and that section 2—613 of the Code of Civil Procedure bars any defense, affirmative or not, which would likely take the opposite party by surprise if not pleaded (735 ILCS 5/2—613 (West 1992)), it would sustain the plaintiff's objection.

Not requiring evidence, let alone proof, regarding the plaintiff's mitigation of damages was prejudicial error. By statute, a landlord has a duty to mitigate the damages recoverable against a defaulting lessee (735 ILCS 5/9—213.1 (West 1992)). To hold that the plaintiff landlord would be surprised to have to prove something which, by statute, he or she owes an affirmative duty to do strains credibility.

The issue of whether a landlord has the burden of proof with regard to his duty to mitigate under the statute is one of first

impression in this State. Prior to 1984, Illinois case law was inconsistent on whether a landlord owed a duty to mitigate damages (*Chicago Title & Trust Co. v. Hedges Manufacturing Co.* (1980), 91 Ill. App. 3d 173), but Illinois courts did not frequently encounter the issue of who should shoulder the burden of proving mitigation. One early decision, not cited by either party, placed the burden of proving that the lessor did not exercise due diligence to rerent the premises on the lessee. *Hinde v. Madansky* (1911), 161 Ill. App. 216, 220.

In 1984, the Illinois legislature passed the aforementioned statute, which states in full:

> "Duty of landlord to mitigate damages. After January 1, 1984, a landlord or his or her agent shall take reasonable measures to mitigate the damages recoverable against a defaulting lessee." (735 ILCS 5/9—213.1 (West 1992).)

While brevity may have its virtues, in some instances, just as with a Mozart classic, amplification is desired. As one commentator has pointed out, the statute leaves out many details, including whether the burden of proof should belong to the landlord or to the tenant. Legislative Note, *Illinois Landlords' New Statutory Duty to Mitigate Damages: Ill. Rev. Stat. Ch. 110, § 9—213.1*, 34 DePaul L. Rev. 1033 (1985).

We believe that the burden of establishing mitigation of damages should be shouldered by the landlord. It is well recognized in this State that the burden of producing evidence chiefly, if not entirely, within the control of an adverse party rests upon the same adverse party if he would deny the existence of the facts claimed by another adverse party (*Belding v. Belding* (1934), 358 Ill. 216, 220). Additionally, one need not prove a negative averment, the burden of proof being on the party who asserts the affirmative (*Williams v. Franks* (1973), 11 Ill. App. 3d 937, 939). The United States Supreme Court has stated, "[t]he ordinary rule, based on considerations of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary." (*United States v. New York, New Haven & Hartford R.R. Co.* (1957), 355 U.S. 253, 256 n.5, 2 L. Ed. 2d 247, 250 n.5, 78 S. Ct. 212, 214 n.5; see *Wohl v. Yelen* (1959), 22 Ill. App. 2d 455, 459.) The corollary to the above proposition is:

> "Where a party alone possesses information concerning a disputed issue of fact and fails to bring forward that information, and it is shown that it can be produced by him alone, a presumption arises in favor of his adversary's claim of fact." *Belding*, 358 Ill. at 220-21.

Therefore, the plaintiff here was required to establish mitigation

of damages which would satisfy the court that he had fulfilled his statutory duty and properly proved his damages. Clearly, the lessor occupies the best position to prove compliance with his duty to mitigate damages. The lessee would face the arduous task of establishing the negative averment that the lessor did not utilize reasonable efforts to mitigate damages. We believe the general tenor of the statute requiring landlords to mitigate their damages leads us to the conclusion we reach in the present case and away from the holding in *Hinde* (161 Ill. App. 216). As one commentator has noted, "[p]lacing the burden of proof on tenants would undercut the landlord's duty to mitigate damages by making it difficult for a tenant to seek a remedy under Section 9—213.1." 34 DePaul L. Rev. at 1054.

Our holding in the case at bar, that the burden of proof in proving mitigation should be on the landlord, is also in conformity with courts in several of our sister States which have found a duty on the landlord to mitigate damages (*Paragon Industries, Inc. v. Williams* (1983), 122 Misc. 2d 628, 473 N.Y.S.2d 92; *Sommer v. Kridel* (1977), 74 N.J. 446, 378 A.2d 767; *Portland General Electric v. Hershiser, Mitchell, Mowery & Davis* (1987), 86 Or. App. 40, 738 P.2d 593, *appeal denied* (1987), 304 Or. 149, 743 P.2d 167. But see *Properties Investment Group of Mid-America v. JBA, Inc.* (1993), 242 Neb. 439, 495 N.W.2d 624). While we are not bound by the results from our sister States' courts, their logic only further persuades us that the decision we make today is in conformity with the better reasoned law on this issue.

Because proof of mitigation of damages was necessary for the plaintiff to prevail and no evidence was presented relative thereto, we reverse the judgment of the trial court of Du Page County granting compensatory damages, vacate the award of attorney fees, and remand this case for further proceedings consistent with this opinion.

Vacated in part; reversed in part and remanded.

GEIGER and QUETSCH, JJ., concur.